UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:11-cr-69-jgm-1 |
| | : | |
| BRIAN HOSKINS, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

ORDER
(Doc. 62)

On August 5, 2016, the Court granted in part Defendant Brian Hoskins' motion to vacate under 28 U.S.C. § 2255. (Doc. 94.) The Court vacated Hoskins' sentence and ordered the parties file memoranda regarding the posture of the plea, plea agreement and resentencing. See Docs. 95, 96. The Court held a hearing on October 5, 2016 and provided the parties an additional opportunity to respond, specifically requesting discussion of United States v. Hyde, 520 U.S. 670, 674 (1997) and United States v. Lopez, 385 F.3d 245, 251 (2d Cir. 2004). The parties complied. (Docs. 99, 100.)

The government initially contended "[t]he guilty plea and the stipulated sentence are merged components of the parties' Fed. R. Crim. P. 11(c)(1)(C) Plea Agreement," and that by "rejecting the agreed-upon sentence, the Court effectively reject[ed] the Plea Agreement and plea," necessitating vacatur of the plea. (Doc. 95 at 1.) Hoskins contended the Court's rejection of the plea agreement did not automatically invalidate the plea but required only that he be given the opportunity to withdraw his plea and expressed his desire to retain his plea and move forward with resentencing. (Doc. 96.)

The Supreme Court has held a plea and plea agreement need not be accepted or rejected as a single unit. United States v. Hyde, 520 U.S. 670, 674 (1997) ("[The Federal Rules of Criminal Procedure] nowhere state that the guilty plea and the plea agreement must be treated identically");

see also United States v. Lopez, 385 F.3d 245, 251 (2d Cir. 2004) ("[N]othing in the text of the Federal Rules of Criminal Procedure would have required that [Defendant's] guilty plea be withdrawn either following or as a prerequisite to nullification of his plea agreement."). With regard to the language of current Rule 11(c)(5), the Court noted it "implements the commonsense notion that a defendant can no longer be bound by an agreement that the court has refused to sanction." Hyde, 520 U.S. at 676. The Court emphasized the language of the rule that notes a court must "afford the defendant the opportunity to then withdraw the plea." Id. at 675; see also Lopez, 385 F.3d at 250 ("A defendant who has entered into a . . . Binding Sentence Agreement [under Rule 11(c)(1)(C)] has an unrestricted right to withdraw his guilty plea after its acceptance but before sentence if the district court rejects his plea agreement.").

      Contrary to the government's initial position, see Doc. 95, there is nothing in Rule 11 regarding the government's ability to unilaterally force a defendant to withdraw a guilty plea if the plea agreement is rejected by the court. The Hyde Court distinguished the appeals court statement that "the plea agreement and the [guilty] plea are inextricably bound up together:"

> This statement, on its own, is not necessarily incorrect. The guilty plea and the plea agreement are "bound up together" in the sense that a rejection of the agreement simultaneously frees the defendant from his commitment to plead guilty. See Rule 11(e)(4) [current Rule 11(c)(5)]. And since the guilty plea is but one side of the plea agreement, the plea is obviously not wholly independent of the agreement.
>     But the Rules nowhere state that the guilty plea and the plea agreement must be treated identically. Instead, they explicitly envision a situation in which the defendant performs his side of the bargain (the guilty plea) before the Government is required to perform its side (here, the motion to dismiss four counts). If the court accepts the agreement and thus the Government's promised performance, then the contemplated agreement is complete and the defendant gets the benefit of his bargain. But if the court rejects the Government's promised performance, then the agreement is terminated and the defendant has the right to back out of his promised performance (the guilty plea) . . . .

Id. at 677-78.

      While the Lopez Court did not decide whether a defendant who "pleaded guilty pursuant to

a . . . Binding Sentence Agreement [under Rule 11(c)(1)(C)] would be permitted to withdraw from his plea agreement without also withdrawing from his guilty plea," it stated a "defendant who enters into a . . . Binding Sentence Agreement always has the option of keeping his guilty plea intact in the event that his agreement is rejected by the district court, even though the plea was entered on the understanding that the agreement would be accepted."  385 F.3d at 251 n.13.

In light of the Supreme Court's Hyde and the Second Circuit's Lopez analyses, among other cases, the government now concedes Hoskins may retain his guilty plea.  (Doc. 100 at 4.)  In agreeing to resentencing, the government reminds the Court that a revised Presentence Investigation Report is required to, inter alia, correct the career offender designation.  Id.  Hoskins maintains his election to continue with his guilty plea intact and requests the case be set for resentencing as soon as practicable.  (Doc. 99 at 4.)  At the October hearing, Hoskins, under oath, elected not to exercise his right to withdraw his guilty plea.

Accordingly, the Probation Office shall prepare a revised Presentence Investigation Report.  Sentencing is set for Wednesday, December 28, 2016, at 10:30 a.m. in Brattleboro, Vermont.  The United States Attorney shall take all necessary steps to assure Hoskins' presence at the hearing.  The parties shall file their sentencing memoranda on or before December 19, 2016.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 2nd day of November, 2016.

/s/ J. Garvan Murtha
Hon. J. Garvan Murtha
United States District Judge